

# The Attorney General of Texas

August 22, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX 75202
214/742-8944

4824 Alberta Ave. Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
·uston. TX 77002
3/228-0701

806 Broadway. Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza Suite 400
San Antonio. TX ·8205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Sam Kelley
Consumer Credit Commissioner
Office of Consumer Credit Commissioner
P. O. Box 2107
Austin, Texas 78768

Opinion No. H-1231

Re: Whether banks which take physical possession of tangible personal property as collateral for loans are required to comply with the provisions of the Texas Pawnshop Act.

Dear Mr. Kelley:

You have requested our opinion as to whether the Texas Pawnshop Act, article 5069-51.01, et seq., V.T.C.S., is applicable to state banks which take physical possession of tangible personal property as collateral for loans.

The Pawnshop Act prohibits any person from " engag[ing] in business as a pawnbroker without first obtaining a license from the [Consumer Credit] Commissioner." V.T.C.S. art. 5069-51.03. "Pawnbroker" is defined as "any person engaged in the business of lending money on the security of pledged goods," and "person" includes every "corporation . . . or any other legal entity however organized." V.T.C.S. art. 5069-51.02. We have been advised that a borrower occasionally secures a large loan from a bank by pledging valuable jewelry or a rare coin collection. As a rule, such collateral is held in the physical possession of the bank and in those instances, you ask whether the bank must qualify as a "pawnbroker."

Under the Banking Code, a state bank is empowered to "lend money with or without security at interest." V.T.C.S. art. 342-301(a). In its statement of purpose, the Banking Code provides: "This code provides a complete system of laws governing the organization, operation, supervision and liquidation of state banks. . . ." V.T.C.S. art. 342-101 (emphasis added). In Robertson v. State, 406 S.W.2d 90 (Tex. Civ. App. — Fort Worth 1966, writ ref'd n.r.e.), the court held that, by virtue of this statement of purpose, a provision of the Texas Business Corporation Act regarding cumulative voting is not applicable to the election of directors of a state bank:

> Surely the Legislature has in plain words with clear meaning spelled out its intent that the operation of

state banks shall be controlled by the 'complete' provisions of the Texas Banking Code, subject to such future legislation as may be enacted by it for the 'regulation of such banking institutions.'

406 S.W.2d at 94.

Although we need not determine the outer boundaries of the Robertson doctrine, we believe the court's language in Robertson requires the conclusion that the Pawnshop Act is not applicable to state banks. A number of restrictions which the statute places on pawnshops are not present in the Banking Code, and are contrary to banking practice. A pawn loan, for example, may not exceed the sum of $2,500, whereas no limitation is placed on the amount of a secured loan made by a state bank. V.T.C.S. art. 5069-51.12. See Attorney General Opinion H-49 (1973). The pledgor in a pawn loan has no personal obligation to repay the amount borrowed, while one who borrows from a bank assumes personal liability for repayment. V.T.C.S. art. 5069-51.11. Finally, the default of a pawn loan transfers title to the pledgee, regardless of the amount of money originally paid to the pledgor, whereas a bank, following default, must account to the debtor for any amount which exceeds the amount of the loan, plus an additional amount for interest, costs, and attorneys fees. It is our opinion, therefore, that the Texas Pawnshop Act is not applicable to state banks which under normal banking practices take physical possession of tangible personal property as collateral for loans.

You also ask whether lenders regulated by chapter 3 of article 5069, other than state banks, must comply with the provisions of the Pawnshop Act if they take physical possession of tangible personal property as collateral for loans. Unlike the Banking Code, chapter 3 of article 5069 does not purport to furnish a "complete system of laws" governing the transactions described therein. Thus, it would appear, absent some other statute, that any lender which is regulated under chapter 3 of article 5069, must also comply with the provisions of the Pawnshop Act if it is "engaged in the business of lending money on the security of pledged goods."

### SUMMARY

The Texas Pawnshop Act, article 5069-51.01, et seq., V.T.C.S., is not applicable to state banks which under normal banking practices take physical possession of tangible personal property as collateral for loans, but it is applicable to other lenders regulated by chapter 3 of article 5069, absent some other statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn